**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| CRISTIAN JUNIOR GAMARRA COLMENARES,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orleans Field Office,<br><br>Respondent. | No. 2:26-cv-03325-SHL-cgc |

**ORDER STAYING FURTHER TRANSFERS AND
DIRECTING A RESPONSE BY 4:00 PM CST ON OCTOBER 23, 2026**

Before the Court is pro se Petitioner Cristian Junior Gamarra Colmenares's Emergency Motion for Return to Tennessee, Notice of Reported Threats of Removal, and Request for an Immediate Custody Report and Limited Protective Relief, filed October 21, 2026. (ECF No. 14.) According to the Motion, Colmenares has been transferred from the West Tennessee Detention Center, but he does not state his current location. (Id.) According to the filing, since his initial detention at the West Tennessee Detention Facility, Colmenares has been housed at multiple detention facilities in Louisiana and Texas. (Id.)

Colmenares's habeas petition was docketed October 6, 2026. (ECF No. 2.) On the following day, October 7, 2026, the Court entered an Order staying his transfer, requiring Respondent to respond, and allowing Petitioner to reply to Respondent's responsive filing. (ECF No. 9 at PageID 48.) In his Response, Respondent informed the Court that Colmenares had been transferred to the River Correctional Center in Ferriday, Louisiana, before the Court's October 7

Order staying his transfer. (ECF No. 11 at PageID 54.) Respondent also asserted that Petitioner is lawfully detained under 8 U.S.C. § 1231 because he is subject to a final order of removal.

According to Petitioner's most recent filing, "October 15 messages identify Camp East Montana" in El Paso, Texas, while Petitioner's "visit profile," lists an address for Fort Bliss, Texas. (ECF No. 14 at PageID 74.) There are two issues, at least, with the Government's apparent shuffling of Colmenares around to multiple facilities. One is that, according to his filing, Colmenares has been transferred twice after this Court's Order staying his transfer. A second is that Colmenares, despite this Court's order allowing him to reply to Respondent's response, has not received Respondent's response, because of the government's transfers.

On the issue of Colmenares's apparent transfers, Respondent is **ORDERED TO SHOW CAUSE** why such transfers occurred after this Court's Order staying transfer. As to his inability to file a reply to Respondent's Response, it could be that Colmenares's Petition is resolved by his final order of removal. However, as this Court's previous Order made clear, he is afforded an opportunity to make arguments against his removal, in the form of a reply brief to Respondent's response.

Therefore, Respondent is **ORDERED** to: (1) immediately identify where Colmenares is currently detained; (2) provide Colmenares with a copy of this Order (ECF No. 15); (3) provide Colmenares with a copy of Respondent's Response (ECF No. 11); and (4) provide a status update, in the form of a filing on the docket, certifying Respondent's compliance with these conditions, no later than 4:00 PM CST on October 23, 2026. Petitioner may file any reply within five business days of his receipt of the documents to be tendered by Respondent. Respondent is **FURTHER ORDERED** to halt any additional transfers of Colmenares pending the resolution of his habeas petition.

**IT IS SO ORDERED,** this 22nd day of October, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE