**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| CRISTIAN JUNIOR GAMARRA COLMENARES,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orleans Field Office,<br><br>Respondent. | ) | No. 2:26-cv-03325-SHL-cgc |

**ORDER DISMISSING PETITION**

On October 6, 2026, pro se Petitioner Cristian Junior Gamarra Colmenares filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.2 (ECF No. 2.) Colmenares, a Venezuelan national, states that he was arrested during a traffic stop on September 19, 2026, and subsequently placed in ICE custody at the West Tennessee Detention Facility. (ECF No. 6 at PageID 26; ECF No. 2 at PageID 8.)

For the reasons stated below, the Petition is **DIMISSED WITHOUT PREJUDICE**.

**BACKGROUND**

Colmenares arrived in the U.S. in November 2021, without having been admitted or paroled. (ECF No. 6 at PageID 23.; ECF No. 11 at PageID 53.) On September 19, 2026, immigration officials detained Colmenares under a warrant of removal. (ECF No. 11 at PageID 54; ECF No. 11-3.) Petitioner was initially detained at the West Tennessee Detention Center, and then transferred to the River Correctional Center in Ferriday, Louisiana. (ECF No. 11 at PageID 54.) Respondent responded to the Petition on October 14, 2026. (ECF No. 11.) Respondent argues that Petitioner was detained in the Western District of Louisiana when he

filed his Petition, so the Court should either dismiss the Petition or transfer it to the district of Petitioner's current confinement. (ECF No. 11 at PageID 54.) Alternatively, Respondent asserts that Petitioner is lawfully detained under 8 U.S.C. § 1231 because he is subject to a final order of removal. On that point, Respondent maintains that, because Petitioner has been in custody for less than six months, his detention is presumptively permissible under Zadvydas v. Davis, 533 U.S. 678, 689 (2001). (Id. at PageID 55.)

## ANALYSIS

The Court retains jurisdiction over the Petition, despite Petitioner's transfer out of the Western District of Tennessee. "Generally, if a district court has proper jurisdiction when a habeas petition is filed, a subsequent transfer of the prisoner will not defeat habeas jurisdiction." Weiss v. Healy, No. 23-CV-2074, 2024 WL 1858529, at *4 (N.D. Ohio Mar. 15, 2024), report and recommendation adopted, No. 23-CV-2074, 2024 WL 1856545 (N.D. Ohio Apr. 29, 2024) (citing White v. Lamanna, 42 F. App'x 670, 671 (6th Cir. 2002)). And, "[u]nder the 'prison mailbox rule,' a federal habeas petition is filed when the prisoner gives his petition to prison officials for mailing to the federal courts." Neal v. Bock, 137 F. Supp. 2d 879, 882 n.1 (E.D. Mich. 2001). Therefore, Respondent's argument that Petitioner was outside of the Western District of Tennessee when the Petition was entered on the Court's docket is unavailing. Based on Petitioner's filings, it appears that he submitted the Petition while detained at the West Tennessee Detention Facility. (See ECF No. 2; ECF No. 2-1; ECF No. 2-2.) As such, the Court has jurisdiction over Petitioner's Petition.

8 U.S.C. § 1231 controls the detention of non-citizens "during" and "beyond" removal. 8 U.S.C. § 1231(a)(2)–(6). The "removal period" begins once a noncitizen's removal order "becomes administratively final." § 123l(a)(l)(B). The removal period lasts for ninety days,

during which ICE "shall remove the [non-citizen] from the United States." § 1231(a)(1)(A). And ICE "shall detain the [non-citizen]" as it carries out the removal. § 1231(a)(l)–(2).

After the initial ninety-day detention period, a noncitizen "ordered removed . . . as inadmissible under section 1182 of this title . . . may be detained beyond the removal period" or "released" subject to terms of supervision. § 1231(a)(6); Zadvydas, 533 U.S. at 683. A period of detention under six months is a "presumptively reasonable period of detention." Zadvydas, 533 U.S. at 701.

Here, an Immigration Judge ordered Petitioner's removal in absentia on January 26, 2023. (ECF No. 11-2 at PageID 60.) Petitioner failed to appear at his removal hearing despite written notice of the time, date, and location of the hearing. (Id.) After the initial ninety-day detention period expired in 2023, Petitioner can be detained at the Government's discretion, as long as that detention does not exceed six months. See Zadvydas, 533 U.S. at 683. Because Petitioner's approximately one-month detention is, so far, within the six-month presumptively reasonable period of detention under Zadvydas, based on the information presently before the Court, the Petition is **DISMISSED WITHOUT PREJUDICE**.

If, however, the United States does not remove Petitioner after six months of detention, a subsequent habeas petition may have a different result.

**IT IS SO ORDERED,** this 4th day of November, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE